IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. JOHN FORTE,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CHASE MANHATTAN BANK USA, NA;<br>MANN-BRACKEN, LLC; NATIONAL<br>ARBITRATION FORUM; and BRYAN W.<br>CANNON ESQ.,<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS<br><br><br><br>Case No. 2:07-CV-669 TS |

This matter is before the Court of Defendant National Arbitration Forum's Motion to Dismiss[1] which has been joined in by the other Defendants.[2]  For the reasons discussed below, the Court will grant the Motion and will dismiss this case.

I.  FACTUAL BACKGROUND

Plaintiff became involved in a dispute with Defendant Chase Manhattan Bank ("Chase"). Plaintiff and Chase agreed by contract to arbitrate any disputes.  Plaintiff and Chase submitted their dispute to arbitration before the National Arbitration Forum (the "Forum").  The Forum

---

[1]Docket No. 4.

[2]Docket Nos. 10 and 11.

1

found in favor of Chase.  Chase then brought suit against Plaintiff in Third District Court in Utah (hereinafter referred to as the "state court proceeding").  Default Judgment was entered against Plaintiff in the state court proceeding.  Plaintiff then filed a Petition for Stay of Judgment and to Vacate a Void Judgment and Damages ("Petition") in this Court.[3]  In his Petition, Plaintiff seeks to attack the prior judgment in the state court proceedings.

## II.  MOTION TO DISMISS STANDARD

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[5]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7]

---

[3]Docket No. 1.

[4]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[5]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[6]*Id.* at 1110.

[7]*Id.*

2

## III.  DISCUSSION

The *Rooker-Feldman*[8] doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[9]  Here, Plaintiff simply seeks to overturn a prior state court proceeding.  Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Plaintiff's Petition and it must be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 4 and 11) are GRANTED.  It is further

ORDERED that the hearing set for January 17, 2008, is STRICKEN.

The Clerk of the Court is directed to close this case forthwith.

DATED   November 27, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[8]*Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[9]*Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted).